25CA1689 Peo in Interest of AEF 07-02-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1689
El Paso County District Court No. 04JD1692
Honorable Diana K. May, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of A.E.F.,

Juvenile-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE BERNARD*
Román, C.J., and Kuhn, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 2, 2026

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee

A.E.F., Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    A.E.F., who was a juvenile when this case was originally litigated more than twenty years ago, appeals the postconviction court's order denying her motion to vacate the restitution order the trial court entered in 2005. She contends the portion of the restitution order requiring her to reimburse an insurance company is an illegal sentence. We affirm the postconviction court's order, although we rely on different grounds.

## I.    Background

¶ 2    A.E.F. was involved in stealing a car in 2004. Shortly after the car's owner reported the theft, the owner saw A.E.F. with the car in a parking lot. When the owner approached A.E.F. to confront her, A.E.F. backed the car into a parked truck and then drove away.

¶ 3    The owner called the police, who found A.E.F. in the car. The chase was on. The stolen car struck a municipal fire hydrant. A.E.F. bailed out of the car and ran off. The police found her and arrested her. When officers searched the stolen car, they found a forged check.

¶ 4    The prosecution charged A.E.F. with a variety of felony offenses. In a plea disposition, she pled guilty to one count of

aggravated motor vehicle theft, and the prosecution dismissed the rest of the charges. The court ordered A.E.F. to pay restitution to the victims of her offenses: $300 to the stolen car's owner; $2,713.91 to the Colorado Springs Utilities Department for the damaged fire hydrant; $29.79 to VeriCheck, a check verification service; and, because A.E.F. had totaled the car, $23,807.17 to repay an insurance company, the United Services Automobile Association, for the car's value as a salvage recovery.

¶ 5 By the time 2022 had rolled around, A.E.F. had paid a total of $9,063.16 toward the restitution order. In July 2025, she filed a motion to vacate the balance of the restitution she owed to the insurance company based on section 19-2.5-1104(3), C.R.S. 2025, a subsection of the statute the legislature had added in 2022. *See* Ch. 392, sec. 1, § 19-2.5-1104(3), 2022 Colo. Sess. Laws 2772. As is pertinent to this appeal, this subsection states, "[A] court shall not order a juvenile to pay restitution to an insurance company." § 19-2.5-1104(3). By the enacting bill's express terms, this subsection became effective on June 7, 2022. Sec. 2, 2022 Colo. Sess. Laws at 2772.

¶ 6 The postconviction court denied A.E.F.'s motion, deciding it

was "time barred."

## II.   Restitution

¶ 7     A.E.F. asserts that the portion of the court's restitution order requiring her to pay the insurance company is an illegal sentence under section 19-2.5-1104(3).  We disagree.

### A.   Standard of Review and General Legal Principles

¶ 8     Because A.E.F. contends the part of the restitution order requiring her to pay the insurance company violates section 19-2.5-1104(3), we construe her contention to be that this part of the restitution order is an illegal sentence reviewable under Crim. P. 35(a).  "[A]n illegal sentence is correctable at any time." *Snow v. People*, 2025 CO 32, ¶ 24.

¶ 9     We review Crim. P. 35(a) illegal sentence claims de novo. *Tennyson v. People*, 2025 CO 31, ¶ 23.  As is relevant to our analysis, an illegal sentence is one "not authorized by law because it fails to comply in full with statutory requirements."  *Id.* at ¶ 25.

### B.   Analysis

¶ 10    Section 2-4-202, C.R.S. 2025, states, "A statute is presumed to be prospective in its operation."

¶ 11    Section 2-4-303, C.R.S. 2025, adds the following:

3

The repeal, revision, amendment, or consolidation of any statute or part of a statute or section or part of a section of any statute shall not have the effect to release, extinguish, alter, modify, or change in whole or in part any penalty, forfeiture, or liability, either civil or criminal, which shall have been incurred under such statute, unless the repealing, revising, amending, or consolidating act so expressly provides, and such statute . . . shall be treated and held as still remaining in force for the purpose of . . . sustaining any judgment, decree, or order which can or may be rendered, entered, or made in . . . [criminal] prosecutions imposing, inflicting, or declaring such penalty, forfeiture, or liability.

¶ 12   Carving out an exception to the effects of sections 2-4-202 and 2-4-303, *People v. Stellabotte*, 2018 CO 66, ¶ 26, recognized "a rule that gives convicted criminal defendants the benefit of amendatory legislation that became effective at any time before the conviction became final on direct appeal under section 18-1-410(1)(f)[, C.R.S. 2025]."

¶ 13   Applying sections 2-4-202 and 2-4-303 to section 19-2.5-1104, we conclude section 19-2.5-1104 is presumed to apply prospectively, and it did not state it would "release, extinguish, alter, modify, or change in whole or in part" restitution orders preceding its enactment. § 2-4-303.

¶ 14    As we noted above, the trial court ordered A.E.F. to pay restitution to the insurance company in 2005. She did not appeal that part of the restitution order, and the court did not alter it in the seventeen years between 2005 and 2022. So the order has long been final.

¶ 15    Applying the *Stellabotte* exception to sections 2-4-202 and 2-4-303, we conclude A.E.F. is not entitled to the benefit of section 19-2.5-1104(3) because the restitution order was final many years before the legislature passed section 19-2.5-1104(3). *See* § 18-1-410(1)(f)(II) ("The ground set forth in this paragraph (f) may not be asserted if, prior to filing for relief pursuant to this paragraph (f), a person has not sought appeal of a conviction within the time prescribed therefor or if a judgment of conviction has been affirmed upon appeal."); *People v. Cali*, 2020 CO 20, ¶ 21 ("[A] defendant is entitled to the benefit of amendatory legislation that has mitigated the penalties for the crime at issue as long as the defendant has requested such relief before his or her conviction has become final (i.e., after the expiration of the time for appeal or upon the issuance of the mandate following an appeal).").

¶ 16    The postconviction court's order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE KUHN concur.